# John Pfeifer, Defendant in Error, v. Eastern Metal Works, Plaintiff in Error.

## Gen. No. 16,630.

VERDICTS—*when not disturbed as against the evidence.* A verdict will not be set aside as against the evidence unless clearly and manifestly so.

Action in case for personal injuries. Error to the Superior Court of Cook county; the HON. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed April 19, 1912.

MATTHEW J. HUSS, for plaintiff in error.

HENRY RATHBONE, for defendant in error.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

Defendant in error, John Pfeifer, sued the Eastern Metal Works, plaintiff in error, in the Superior Court of Cook county to recover damages for negligence whereby the plaintiff's left eye was injured and the sight thereof destroyed. The trial in the court below resulted in a verdict awarding the defendant in error damages in the sum of $1,500 and judgment was entered upon the verdict.

There is no substantial controversy as to the facts in the case. It appears from the record that the defendant in error had been employed by the plaintiff in error for upwards of two years prior to May 29, 1908, as a helper and afterwards on outside work. The declaration alleges that the defendant in error was a structural iron worker and blacksmith. The defendant was engaged in constructing, erecting and in adjusting iron appliances. On May 28, 1908, a foreman of the plaintiff in error directed the defendant in error to go with

a man named Petrowsky to a building under construction at Sixty-third street and Center avenue, Chicago, to finish some fire escapes. The defendant in error, as above stated, was a blacksmith or machinist, and Petrowsky was a painter and also a helper to blacksmiths and machinists in plaintiff in error's shop. At the time of giving the order above mentioned the foreman gave the defendant in error five or six chisels which he put in a satchel along with other tools of his own. Taking these tools with him, defendant in error worked on the fire escape for a day and a half before he was injured. On May 29, 1908, at about one o'clock, while the plaintiff was at work upon the fire escape in compliance with the orders of the foreman a chisel, which the foreman had given him, broke and a particle of steel or iron flew into defendant in error's eye and destroyed it. At the time of the accident the defendant in error was on the second platform of the fire escape. The defendant in error testified, that just before he got injured he took up a new chisel and used it,—a chisel which he had not used before the accident,—and at the very first stroke upon the chisel it broke somewhere about an inch or an inch and a half from the point, and the piece of steel entered the eye of the defendant in error.

It is urged on behalf of the plaintiff in error that there is no evidence in the record justifying the verdict and judgment, and the court should therefore have directed a verdict for the defendant, plaintiff in error. We cannot agree with the contention. We think the jury were warranted from the evidence in finding that a particle from the chisel flew into defendant in error's eye. The jury so found in their answers to the special interrogatories submitted to them, and we see no recognized legal ground for disturbing the verdict.

It is also urged that the court erred in admitting the testimony of the witness Brevall. The testimony of this witness was simply to the effect that when metal

fuses completely it meets together leaving no separation. The opinion of the witness was asked as to the cause of the breaking of the chisel, assuming that it broke an inch or so, more or less, from the point and that the break, immediately after it occurred showed that it was of a glassy or scaly or smooth appearance, and he testified that the break was caused by improper forging; that it was a poor piece of workmanship; that it was improperly forged. The evidence in the case showed that the chisel in question was manufactured by the plaintiff in error. We are of the opinion that there was no material error in admitting the testimony of the witness.

In our opinion the facts shown in evidence required the case to be submitted to the jury, and we cannot say that the verdict is contrary to the weight of the evidence. Illinois Central Railroad Co. v. Sporleder, 199 Ill. 184. The judgment is affirmed.

*Affirmed.*